**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1128**

KINGSLEY KELECHI OGIDEH,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 5, 2010          Decided:  November 24, 2010

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Liam Ge, Columbia, Maryland, for Petitioner.  Tony West, Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, P. Michael Truman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kingsley Kelechi Ogideh, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing Ogideh's appeal from his order of removal and denying his motion to remand his case to the immigration court. For the reasons that follow, we deny the petition for review.

First, we reject Ogideh's claim that his due process rights were violated when he was not provided with an approved, edited, and signed transcript of his removal hearing and the immigration judge's oral decision prior to submission of his appellate brief to the Board. To succeed on a due process claim in an asylum or removal proceeding, an alien must establish two closely linked elements: (1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case. Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008); Rusu v. INS, 296 F.3d 316, 320-22, 324 (4th Cir. 2002). Because Ogideh did not demonstrate how the outcome of his administrative appeal was impacted by this failure, the Board properly rejected this claim.

Ogideh next challenges the Board's construing his motion to remand as a motion to reopen, based on In re Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988), and denying it because Ogideh failed to substantially comply with Lozada's requirements for an

2

ineffective assistance of counsel claim. We have reviewed Ogideh's argument, the relevant record, and the Board's analysis of this issue, and hold the Board did not abuse its discretion in denying the motion. See 8 C.F.R. § 1003.2(a) (2010). The Board was further correct in concluding that reopening to allow an alien to pursue discretionary relief is not permitted when that relief had been explained to the alien, and the alien had been afforded the opportunity to pursue such relief. See 8 C.F.R. § 1003.2(c)(1) (2010); see also Obioha v. Gonzales, 431 F.3d 400, 408-09 (4th Cir. 2005). The transcript of Ogideh's administrative hearing reflects this is precisely what happened here.

Accordingly, we deny the petition for review substantially for the reasons stated by the Board. In re: Ogideh (B.I.A. Dec. 28, 2009). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED